IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION[1]

HOWARD W. ALEXANDER                                                             PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:13cv956-FKB-FKB

GEO, E. L. SPARKMAN, AND CHRISTOPHER EPPS             DEFENDANTS

MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment seeking dismissal of some of the claims in this case filed pursuant to 42 U.S.C. § 1983.  Defendants Christopher Epps and E. L. Sparkman have moved for summary judgment [37] on the basis of Eleventh Amendment sovereign immunity and qualified immunity.  Plaintiff did not respond to the motion [37].  This case is presently set for trial on February 23, 2015.

At the omnibus hearing, the parties consented to have a United States magistrate judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis* ("IFP"). 28 U.S.C. § 1915.  For the reasons explained below, the Court grants the defendants' motion [37] for summary judgment and dismisses Alexander's claims against Epps and Sparkman.

I.  Plaintiff's Claims

Plaintiff is currently a convicted prisoner and resides in the custody of the Mississippi

---

[1] An Order of Transfer was entered in this case on December 26, 2013, pursuant to H.R. 2871, Realignment Of The Southern Judicial District of Mississippi, Pub. L. No. 113-61, 127 Stat. 665 (2013), signed into law on December 20, 2013.  The Realignment Act consolidated the former five divisions of the Southern District of Mississippi into four divisions.  As a result, the Court transferred this action to the newly formed Northern Division of the Southern District of Mississippi.

Department of Corrections ("MDOC") at East Mississippi Correctional Facility ("EMCF"), located in Meridian, Mississippi. At the time of the events forming the basis of this lawsuit, from January to October 2011, Plaintiff was also housed at EMCF. Defendants are the former Commissioner of the MDOC, Christopher Epps; former MDOC Deputy Commissioner of Institutions, E. L. Sparkman; and GEO, a private company which managed the facility during the relevant time period.[2]

In sum, Plaintiff alleges that all defendants failed to protect him from harm when they failed to protect him from self-inflicted wounds, despite being placed on suicide watch. He also alleges that the defendants treated him with deliberate indifference by failing to provide him adequate medical attention for his self-inflicted wounds. In a Response [12] to Order, Alexander also stated that Epps and Sparkman violated his rights when they failed to transfer him to the Mississippi State Hospital at Whitfield, Mississippi. [12] at 3.

At the omnibus hearing, Alexander was given an opportunity to elaborate upon his claims. Alexander continued to assert claims of denial of medical attention despite his own testimony that he received medical attention, including surgery at a local hospital, for treatment of his self-inflicted wounds. As to his claims against Sparkman and Epps, he made vague allegations that Sparkman was aware of his condition because he had brought it to Sparkman's attention and that his family had called Sparkman about his condition. He further stated that he had sued Sparkman because he was in charge of the facility. Alexander stated that he had sued Epps because he was the head of the MDOC. Alexander testified that both Epps and Sparkman should be held liable because they are in positions of authority over the prison.

---

[2]GEO has not filed a dispositive motion.

II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 174 F.3d 629, 633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)).  Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." Lemoine, 174 F.3d at 633.  "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)).  The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

Although the defendants have raised the defenses of sovereign immunity and qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." Wells v. Bonner, 45 F.3d

90, 93 (5th Cir. 1995)(citing Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)).  Thus, if the Court finds that Alexander's claims are not cognizable under § 1983, it need not reach the question of whether the defendants are entitled to immunity. Id.

### III.  Discussion

Having considered Defendants' filings, Plaintiff's omnibus hearing testimony, and the Complaint, the Court finds that summary judgment should be granted in favor of Defendants Epps and Sparkman.

### A.  Official Capacity Claims

Defendants Epps and Sparkman have moved for summary judgment on Alexander's claims against them in their official capacity.  Alexander has not responded to their motion for summary judgment.

Epps is the former Commissioner of the Mississippi Department of Corrections, and Sparkman is the former Deputy Commissioner of Institutions with the Mississippi Department of Corrections.  It is well-established that a suit against a state official in his or her official capacity is a suit against the state, and the state generally cannot be sued under Section 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, Epps and Sparkman are entitled to summary judgment with respect to claims against them in their official capacities.

### B.  Individual Capacity Claims

Defendants Epps and Sparkman also assert that they are entitled to summary judgment in their favor in their individual capacities based on the doctrine of qualified immunity.  Specifically, Epps and Sparkman assert that Alexander has failed to allege the violation of clearly established law. As stated previously, Alexander has not responded to the motion for

summary judgment filed by Epps and Sparkman.

As discussed above, Alexander states that he sued Epps because he was the head of MDOC. Alexander alleges that he has also sued Epps because Epps refused to transfer him to the Mississippi State Hospital at Whitfield. [12].

Alexander's claims against Epps fail to rise to the level of a constitutional violation. As to his claim that Epps violated his constitutional rights by not transferring him to the Mississippi State Hospital, "in the absence of an appropriate state regulation a prisoner has no liberty interest in residence in one prison or another." *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989). Accordingly, no Fourteenth Amendment interest is implicated, *id.*, and this claim can be dismissed as frivolous. *Biliski v. Harborth*, 55 F.3d 160 (5th Cir. 1995).

Alexander's remaining claims against Epps fail because they are based on the theory of *respondeat superior*. Alexander has failed to allege Epps's direct involvement in the alleged deprivations on which this action is based. *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)( "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." ). Supervisory officials, moreover, "cannot be held liable for the actions of subordinates under any theory of vicarious liability." *Id.* Accordingly, Alexander's claims against Epps fail to rise to the level of a constitutional violation, and Epps's motion for summary judgment on his individual capacity claims is hereby granted.

Likewise, Sparkman is also entitled to summary judgment on Alexander's claims against him. As to Alexander's transfer claim, and as discussed *supra*, this allegation fails to rise to the level of a constitutional violation. *See Jackson v. Cain*, 864 F.2d at 1250.

Plaintiff's claims against Sparkman may also be interpreted as sounding in *respondeat superior* because Plaintiff testified at the omnibus hearing that he had sued Sparkman because he was in charge of the facility. As stated above, supervisory officials "cannot be held liable for the actions of subordinates under any theory of vicarious liability." Id.

As to Alexander's assertions that Sparkman knew of his conditions and showed deliberate indifference toward him, a prison official acts with deliberate indifference and "may be held liable under the Eighth Amendment for denying human conditions of confinement only if he knows that inmates face a substantial risk of bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To "survive summary judgment, [a prisoner] must come forward with evidence from which it can be inferred that defendant-officials . . . knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm." *Id.* at 846. Alexander has failed to put forth any evidence, other than the allegations of his complaint and his omnibus hearing testimony, and Alexander has failed to respond to Sparkman's motion for summary judgment. In his affidavit, Sparkman states that in his position as "Deputy Commissioner of Institutions, and a non-medical professional, I had no personal role in the medical and/or psychiatric care given to inmates and had no authority to second-guess the course of treatment for inmates by ordering or denying medical and/or psychiatric care as such is the responsibility of the onsite medical and/or psychiatric care providers." [37-2] at 1. Thus, the undisputed evidence shows that Sparkman was not personally involved in Alexander's medical and/or psychiatric care, and therefore, that Sparkman could not have "knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm." *Farmer*, 511 U.S. at 846. Alexander's burden at this juncture is not satisfied by "unsubstantiated

assertions" or "conclusory allegations." *Little*, 37 F.3d at 1075.  Accordingly, the Court grants summary judgment in favor of Sparkman on Alexander's individual capacity claims.

## IV.  Conclusion

Accordingly, for the reasons discussed above, the Court finds that Defendants Epps and Sparkman are entitled to summary judgment as to all of Alexander's claims.  Accordingly, Alexander's claims against Epps and Sparkman are hereby dismissed with prejudice.

SO ORDERED, this the 6th day of January, 2015.

                                                   /s/ F. Keith Ball
                                                   UNITED STATES MAGISTRATE JUDGE